UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
HENRY HERSHKOWITZ
on behalf of himself and
all other similarly situated consumers

                            Plaintiff,

      -against-


MIDLAND CREDIT MANAGEMENT,
INC., MIDLAND FUNDING, LLC,
AND ENCORE CAPITAL GROUP, INC.,

                           Defendants

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Henry Hershkowitz seeks redress for the illegal practices of Midland Credit Management, Inc., Midland Funding, LLC, and Encore Capital Group, Inc., herein after referred to as "Defendants" concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendants sought to collect from Plaintiff a consumer debt.

4. Defendant Midland Credit Management, Inc. is an affiliate of Defendant Midland Funding, LLC and is also a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

5.  Defendant Midland Credit Management, Inc. is engaged in the business of collecting or attempting to collect debts on behalf of Midland Funding, LLC as one of its principal areas of business.

6.  Defendant Encore Capital Group, Inc. is the parent company of Midland Credit Management, Inc. and Midland Funding, LLC.

7.  Upon information and belief, Defendants' principal place of business is located in San Diego, California.

8.  Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

## *Jurisdiction and Venue*

9.  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## *Allegations Particular to Henry Hershkowitz*

11. Defendant Midland Funding, LLC allegedly bought/obtained this debt, and upon information and belief, on a date better known by Defendants, the Defendants began to attempt to collect the debt from the Plaintiff through its sister company, Midland Credit Management, Inc.

12. On or about May 2, 2016, Defendants sent the Plaintiff a collection letter seeking payment for the alleged debt.

13. Both Counsel for the Plaintiff and for the Defendant agreed to TOLL the Statute of Limitations until May 24, 2017.

14. The said collection letter was confusing to the Plaintiff and is likely to be misconstrued by the "least sophisticated consumer" since it is open to more than one reasonable interpretation, at least one of which is inaccurate. The Second Circuit stated in <u>Avila v. Riexinger & Assocs., LLC</u>, 817 F.3d 72, 74 (2d Cir. 2016)

> "The question presented is whether a collection notice that states a consumer's "current balance," but does not disclose that the balance <u>may</u> increase due to interest and fees, complies with this provision. We hold that Section 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance <u>may</u> increase due to interest and fees."

15. The holding of the Second Circuit is that Section 1692e of the FDCPA requires every debt collector in every collection letter "to disclose that the balance <u>may</u> increase due to interest and fees".

16. However if the "Current Amount Due" will never increase and the holder of the debt will <u>always</u> accept payment of the amount set forth in full satisfaction of the debt then the Second Circuit alternatively stated:

> "We hold that a debt collector will not be subject to liability under Section 1692e for failing to disclose that the consumer's balance <u>may</u> increase due to interest and fees if the collection notice *either* accurately informs the consumer that the amount of the debt stated in the letter <u>will</u> increase over time, *or* clearly states that the holder of the debt <u>will</u> accept payment of the amount set forth in full satisfaction of the debt." Id. at 817.

The Second Circuit in Avila did not "hold that a debt collector must use any particular disclaimer" *Id.*

17. However the Second Circuit did address all the possible scenarios: 1) If the "current balance" <u>could</u> increase over time, then the collection notice must disclose that the "balance <u>might</u> increase due to interest and fees". *Id*. 2) If the "current balance" is <u>currently</u> increasing, then the collection notice must disclose that the amount of the debt

stated, "in the letter <u>will</u> increase over time". *Id*. 3) If the "current balance" will never increase and the debt collector is always willing to accept this "specified amount" in "full satisfaction" of the debt, then the debt collector must state so clearly. However, if a debt collector is willing to accept a "specified amount" in full satisfaction of the debt <u>only</u> if payment is made by a specific date, then the debt collector must simplify the consumer's understanding by so stating, while advising that the amount due <u>could</u> increase by the accrual of additional interest or fees if payment is not received by that date.

18. In this case, the "Current Balance" was increasing due to interest per the creditor's contract. Nevertheless, the collection notice did not disclose that the amount of the debt stated in the letter "could" or "will" increase over time.

19. Said letter stated in pertinent part: "Post Charge-Off Interest Accrued: $194.98."

20. Defendants' letter was deceptive and misleading as it simply identified the "Current Balance," but did not indicate that the balance may increase due to interest and fees.

21. The Plaintiff was left unsure whether the "Current Balance" was accruing interest as there was no disclosure that indicated otherwise.

22. A reasonable consumer could read the notice and be misled into believing that he could pay his debt in full by paying the amount listed on the notice.

23. In fact, however, since the notice shows that interest accrued post charge-off, a consumer who pays the "Current Balance" stated on the notice will not know whether the debt has been paid in full.

24. The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party,

which itself could seek the interest and fees from the consumer.

25. The statement of a "Current Balance" without notice that the amount is already increasing due to accruing interest or other charges, would mislead the unsophisticated consumer into believing that payment of the amount stated will clear his account.

26. The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

27. Collection letters that state only a "Current Balance," but do not disclose that the balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

28. Plaintiff and an unsophisticated consumer would be led to believe that the "Current Amount Due" would remain as is and that paying the amount due would satisfy the debt irrespective of when payment was remitted. Yet in reality, interest accrued since charge off.

29. A consumer who pays the "Current Balance" stated on the collection letter will be left unsure whether the debt has been paid in full, as the Defendants could still collect on any interest that accumulated after the letter was sent but before the balance was paid.

30. The said debt was increasing due to interest accrued post charge off, but the said letter specifically, failed to disclose that the balance would continue to increase due to interest, or in the alternative, the said letter failed to disclose that the balance was actually <u>not</u>

increasing since the interest post charge off was being waived.

31. In any event, the said letter was "misleading" and "confusing" within the meaning of Section 1692e of the FDCPA.

32. Absent a disclosure by the holder of the debt that the interest accruing is waived, even if the debtor pays the "Amount of Debt" the Defendant and or the creditor could still seek the interest accruing since the previous letter, or sell the consumer's debt to a third party, which itself could seek the accrued interest from the consumer. Avila, at *10-11.

33. Waiver of interest even when it has been made explicitly has not prevented debt-collectors from continuing to illegally charge the waived interest.

34. At the bare minimum, a debt collector must make clear, even to the unsophisticated consumer that it intends to waive the accruing post charge-off interest.

35. A debt collector must disclose, that the balance due may change since interest is accruing, or in the alternative, it must disclose any such waiver of interest.

36. To the extent that the Creditors or Defendants intended to waive the automatically accrued and accruing interest, it was required to disclose that in the most conspicuous of terms.

37. Defendants were required to include a disclosure that the automatically accrued interest _was_ accruing, or in the alternative, the Defendants were required to disclose that the creditor has made an intentional decision to waive the automatically accruing interest; nonetheless it did not make any of those disclosures in violation of 1692e.

38. If interest was waived, the letter would need to contain that disclosure and clearly state that no interest is accruing on this account in order to provide full and fair disclosure to consumers of the actual balance as is embodied in Section 1692e.

39. The Second Circuit adopted a safe harbor disclaimer stating "that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as the Plaintiff, who may hold the reasonable but mistaken belief that timely payment will satisfy their debts." Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 76 (2d Cir. 2016)

40. Because the statement of a "Balance" that included original principal, fees, contractual interest and charged off interest, without notice that the accruing interest was expressly waived can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, the FDCPA requires debt collectors, when they notify consumers of their account balance, to expressly disclose that interest has stopped accruing.

41. Requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as the Plaintiff, who may hold the reasonable, but mistaken belief that timely payment will satisfy their debts and it protects them from other debt collectors seeking further interest on this debt in the future.

42. According to the Second Circuit's finding that the "Current Amount Due" must contain a full and fair disclosure, if a credit card account was being charged interest, pursuant to a contract and the interest was intended to be waived, disclosure of such a waiver is necessary or the consumer would not know what the balance is. "[i]n fact, however, if interest is accruing daily, [or was not expressly waived] a consumer who pays the 'current balance' stated on the notice will not know whether the debt has been paid in full. The debt collector could still seek the [accruing or un-waived] interest and fees that

        accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer." Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 76 (2d Cir. 2016)

43. The 8th Circuit in Haney v. Portfolio Recovery Assocs., No. 15-1932, 2016 U.S. App. LEXIS 17287 (8th Cir. Sep. 21, 2016) clearly explains that merely not including interest in post charge off statements is not express waiver of interest, and the debt collector or creditor can seek the interest in the future.

44. In fact, in this case, Plaintiff is still unsure if there was any intent to waive interest. The notice specifically says that the balance includes interest post charge off. There was definitely no express waiver and disclosure of waiver is mandatory if interest was accruing post charge off. Disclosure of waiver is mandatory if interest was originally accruing per the contract. The consumer could not know what the real balance is.

45. The intent to waive a contractual right must be unmistakably manifested and may not be inferred from doubtful or equivocal acts. Navillus Tile, Inc. v. Turner Const. Co., 2 A.D.3d 209, 770 N.Y.S.2d 3 (1st Dep't 2003) A waiver of a contract right does not occur by negligence, oversight or thoughtlessness and cannot be inferred from mere silence. Acumen Re Management Corp. v. General Sec. Nat. Ins. Co., 2012 WL 3890128, at *6 (S.D. N.Y. 2012), reconsideration denied, motion to certify appeal granted, 2012 WL 6053936 (S.D. N.Y. 2012).

46. Failure to disclose such a waiver of the automatically accruing interest is in of itself deceptive and "misleading" within the meaning of Section 1692e. The Defendants knew that the balance would increase due to interest, fees and/or disbursements.

47. The "Current Balance" is for an amount that includes original principal, fees, contractual

interest and interest post charge off. If interest was waived or stopped accruing the collection notice must disclose "This debt is not accruing interest."

48. If interest was accruing the collection notice must inform the consumer that the amount of the debt stated in the letter will increase over time.

49. Collection letters failing to reference the accrual of interest or waiver of interest are subject to two different interpretations as to the accumulation of interest, rendering them deceptive under § 1692e(10).

50. "The Court therefore finds that [the debt collectors] letters to [the debtor] are subject to two different interpretations as to the accumulation of interest, rendering them deceptive under § 1692e(10) … The logic [applies] to stated outstanding debt and the need for consumers to be aware that this debt may be dynamic or static. They are concerned with a consumer's inability to discern whether an amount owed may grow with time, regardless of whether offers to settle are on the table or not. As [plaintiff] states, this information is relevant in a consumer's payment calculus, especially when some debts must be paid at the expense of others. And, of course, the existence of settlement offers would be entirely irrelevant to these considerations for the many consumers who are unable to take advantage of them...Plaintiff's claim is not that the stated balance was not itemized, but that it was unclear whether it was subject to future interest"  Michalek v. ARS Nat'l Sys., No. 3:11-CV-1374, 2011 U.S. Dist. LEXIS 142976, at *16-17 (M.D. Pa. Dec. 13, 2011)

51. The Defendants violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

52. A debt collector, when notifying a consumer of his account balance, must disclose that

the balance may increase due to interest and fees.

53. 15 U.S.C. § 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of --
>
> (A) the character, amount, or legal status of any debt; or
>
> (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

54. The said letter is a standardized form letter.

55. Upon information and belief, the Defendants' collection letters, such as the said collection letter, number in the hundreds.

56. Defendants' May 2, 2016 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

57. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendants.

58. Plaintiff suffered actual harm by being the target of the Defendants' misleading debt collection communications.

59. Defendants violated the Plaintiff's right not to be the target of misleading debt collection communications.

60. Defendants violated the Plaintiff's right to a truthful and fair debt collection process.

61. Defendants used materially false, deceptive, misleading representations and means in its

attempted collection of Plaintiff's alleged debt.

62. Defendants' communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendants' collection efforts.

63. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendants' false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

64. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

65. As an actual and proximate result of the acts and omissions of the Defendants, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendants.*

66. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through sixty five (65) as if set forth fully in this cause of action.

67. This cause of action is brought on behalf of Plaintiff and the members of a class.

68. The class consists of all persons whom Defendants' records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter

as the letter sent to the Plaintiff on or about May 2, 2016; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Chase Bank; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

69. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendants violated the FDCPA.

   C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of the Defendants.

   D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

   E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class

        actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

70. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

71. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

72. Collection attempts, such as those made by the Defendants are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

73. The Defendants' actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

74. Because the Defendants violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendants and award damages as follows:

    A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
May 19, 2017

_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

_____/s/ Adam J. Fishbein___
Adam J. Fishbein (AF-9508)

-14-



**Midland Credit Management, Inc.**
2365 Northside Drive, Suite 300, San Diego, CA 92108

| | |
|---|---|
| Phone: | (800) 825-8131 |
| Hours of Operations: | M – Th: 6:00am – 7:00pm PST |
| | Fri: 6:00am – 4:30pm PST |
| | Sat: 6:00am – 2:00pm PST |
| | Sun: 5:00am – 1:30pm PST |

**Account Information**

| | |
|---|---|
| Original Creditor: | Chase Bank USA, N.A. |
| Original Account No.: | 0354 |
| MCM Account No.: | 893 |
| Current Owner: | MIDLAND FUNDING LLC |

003
P7T230  Henry Hershkowitz
42 Harrison Ave
Brooklyn, NY 11211-8302

05-02-2016

RE: Chase Bank USA, N.A. / Sony

Dear Henry,

The purpose of this letter is to request your assistance so that we may reach a quick resolution to your dispute made to the credit bureaus. You have indicated in your dispute that the above-referenced account contains inaccurate information.

Midland Credit Management, LLC became the servicer of the above-referenced account on 10-27-2011. Information provided by the seller at the time of acquisition indicates this account was originated on 03-01-1999, as an Chase Bank USA, N.A. account with the account number listed above, in the name of Henry Hershkowitz. The last four digits of the social security number on the account are 8963. Subsequently, the account was charged off as an unpaid delinquent debt on 03-31-2010. The balance at the time of purchase was $13,798.56.

Please contact our Consumer Support Services Department as soon as possible at (800) 825-8131, Ext. 32980 so that we may discuss your dispute and work together to reach a resolution. Consumer Support Services Hours of Operation are Monday – Friday 5:00am – 4:30pm PST. In the interim, we have requested that the three major consumer credit reporting agencies change the status of this account to "Disputed".

If you still believe the account information is inaccurate, please provide an explanation of why you believe it is inaccurate along with any documentation you have supporting this explanation. Upon receipt of this new information we will be happy to reinvestigate our records.

Please mail any documentation you may have to support your claim to:

Midland Credit Management, Inc.
Attention: Consumer Support Services
2365 Northside Drive, Suite 300
San Diego, CA 92108

Sincerely,

Tim Bolin, Division Manager

0102700000618
0000 0000

**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**

QE09

**Important Disclosure Information:**

Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**

Calls to and/or from this company may be monitored or recorded.

<u>MAIL CORRESPONDENCE BUT NO PAYMENTS TO:</u> 2365 Northside Drive, Suite 300, San Diego, CA 92108

We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law:

**IF YOU LIVE IN NEW YORK CITY, THIS APPLIES TO YOU:**
New York City Department of Consumer Affairs License Number 1140603, 1207829, 1207820, 1227728, 2022587, 2023151, 2023152, 2027429, 2027430, 2027431

**ADDITIONAL ACCOUNT INFORMATION:**

| | |
|---|---|
| Original Creditor: | CHASE BANK USA, N.A. |
| Original Account Number: | ▮▮▮▮0354 |
| Charge-Off Date: | 03-31-2010 |
| Last Payment Date: | 08-06-2009 |
| Current Owner: | MIDLAND FUNDING LLC |
| Current Servicer: | Midland Credit Management Inc. |
| MCM Account Number: | ▮▮▮▮893 |

| | |
|---|---|
| Charge-off Amount: | $13,798.56 |
| Post Charge-Off Interest Accrued: | $194.98 |
| Post Charge-Off Fees Accrued: | $0.00 |
| (Less) Payments and Credits: | $0.00 |
| Current Balance: | $13,993.54 |

**Complete Chain of Title Including All Post Charge-Off Purchasers of This Debt:**
CHASE BANK USA, N.A.; 10-27-2011
MIDLAND FUNDING LLC